UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ISABELLE M. BELSHER,

                Plaintiff,

      v.

JANET L. PESCIO; PERFORMANCE
ATHLETIC CLUB LLC; JPIB LLC; and
AVENUE GIFTS, LLC,

                Defendants.

Case No. 3:17-cv-0589-LRH-(WGC)

ORDER

       Before the court is defendants Janet L. Pescio ("Pescio"); Performance Athletic

Club LLC ("PAC"); JPIB LLC ("JPIB"); and Avenue Gifts, LLC's ("Avenue Gifts")

(collectively "defendants") motion to dismiss plaintiff Isabelle M. Belsher's ("Belsher") first

amended complaint (ECF No. 11). ECF No. 12. Belsher filed an opposition (ECF No. 15) to

which defendants replied (ECF No. 16).

**I.    Facts and Procedural Background**

       This action arises from plaintiff Belsher's allegedly discriminatory termination from a

retail establishment known as The Avenue in Elko, Nevada, owned by defendant JPIB.[1]

Belsher alleges that she worked for The Avenue from its opening in February 2011, until she

---

[1] Defendants dispute Belsher's factual allegations and contend that this action simply involves the dissolution of a
business partnership between Belsher and Pescio. However, for purposes of this motion, the court accepts the factual
allegations in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

1   was terminated on January 26, 2016. After she was terminated, Belsher alleges that she was

2   replaced by a younger, less qualified person.

3          On September 22, 2017, Belsher filed a complaint against defendants for employment

4   discrimination. ECF No. 1. On December 6, 2017, Belsher filed an amended complaint against

5   defendants alleging four causes of action: (1) violation of the Americans with Disabilities Act

6   ("ADA"); (2) violation of the Age Discrimination in Employment Act ("ADEA"); (3)

7   promissory estoppel; and (4) breach of contract. ECF No. 11. Thereafter, defendants filed the

8   present motion to dismiss. ECF No. 12.

## II.     Legal Standing

10         Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil

11  Procedure for failure to state a legally cognizable cause of action. *See* FED. R. CIV. P. 12(b)(6)

12  (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief

13  can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must

14  satisfy the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See*

15  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under

16  Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that

17  the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a)(2) does not require detailed

18  factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a

19  formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this

20  broad pleading standard. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550

21  U.S. 544, 555 (2007)).

22         To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a

23  Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted

24  as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S.

25  at 570). A claim has facial plausibility when the pleaded factual content allows the court to

26  draw the reasonable inference, based on the court's judicial experience and common sense, that

27  the defendant is liable for the alleged misconduct. *See Id.* at 678-679 (stating that "[t]he

28  plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

> **1.  Defendant Avenue Gifts**

Initially, defendants seek dismissal of defendant Avenue Gifts on the basis that the company was not formed until May 17, 2016, nearly four months *after* Belsher was terminated from her employment. *See* ECF No. 12. In her opposition, Belsher concedes that she lacks standing to bring any claims against defendant Avenue Gifts. *See* ECF No. 15, p. 2. Accordingly, the court shall dismiss Avenue Gifts as a defendant in this action.

> **2.  ADA & ADEA Claims**

> > **a.  Defendant Pescio**

In their motion, defendants argue that Belsher's ADA and ADEA claims should be dismissed as to defendant Pescio because she was not Belsher's employer. *See* ECF No. 12. The court agrees.

Both the ADA and the ADEA provide for a cause of action against an "employer" who has engaged in discriminatory conduct. An "employer" is defined as "a person engaged in an industry affecting commerce who has . . . employees[.]" *See* 42 U.S.C. § 12111(4); 29 U.S.C. § 630(f). Here, it is undisputed that Pescio was not Belsher's employer. Rather, Belsher's

employer, as alleged in her complaint, are defendants JPIB and PAC. Further, Belsher concedes in her opposition that she "seeks to hold the entities and not Pescio liable on the federal claims." ECF No. 15, p. 2. Therefore, the court shall grant defendants' motion and dismiss defendant Pescio as to these claims.

### b. Defendants JPIB & PAC

Defendants also seek dismissal of Belsher's ADA and ADEA claims as to defendants JPIB and PAC on the basis that Belsher was terminated from her employment for reasons other than the alleged unlawful discrimination. In particular, defendants contend that Belsher was terminated for embezzling from The Avenue and that neither her age, nor her alleged disability were a motivating factor in her termination. *See* ECF No. 12. However, based solely on the allegations in her complaint, the court finds that Belsher has sufficiently pled claims for disability and age discrimination under the ADA and ADEA against JPIB and PAC. Defendants' argument requires the court to evaluate evidence not currently before the court and ignore the factual allegations pled in Belsher's complaint which is inappropriate on a motion to dismiss. *Iqbal*, 556 U.S. at 678. Therefore, the court shall deny defendants' motion as to this issue.

### 3. Promissory Estoppel & Breach of Contract Claims

#### a. Defendants JPIB & PAC

In their motion, defendants seek dismissal of Belsher's promissory estoppel and breach of contract claims contending that neither defendant JPIB nor PAC are alleged to have made any promises or entered into any contract with Belsher. *See* ECF No. 12. Belsher concedes that these claims are only against defendant Pescio. *See* ECF No. 15, p. 3. Therefore, the court shall grant defendants' motion and dismiss defendants JPIB and PAC as to these claims.

#### b. Defendant Pescio

Finally, defendants seek to dismiss these claims as to defendant Pescio. In her complaint, Belsher alleges that Pescio made a promise "to take care" of Belsher for the rest of her life before she was ultimately terminated from her employment at The Avenue. Defendants

1 contend that this alleged promise "to take care" of Belsher is too indefinite to support Belsher's

2 claims as a matter of law. *See* ECF No. 12. The court agrees.

3       The court has reviewed Belsher's complaint and finds that Belsher's promissory

4 estoppel and breach of contract claims fail as a matter of law because these claims are based

5 upon an alleged promise that is not sufficiently definite for legal enforcement. *See Aguilar v.*

6 *Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 446 (9th Cir. 1992). Indeed, "[a]

7 promise giving rise to the application of the doctrine of promissory estoppel must be 'clear and

8 unambiguous' in its terms." *Hubel v. BAC Home Loans Servicing, LP*, 2010 WL 4983456, *3

9 (D. Nev. 2010) (quoting *Miller Auto. Group, Inc. v. Gen. Motors Corp.*, 216 F.3d 1083, at *1

10 (9th Cir. 2000); *Navarro v. BAC Home Loans LLC*, 2011 WL 6012547, at *2 (D. Nev. 2011).

11 To recognize and enforce a promise, "it must be definite enough so that the court can

12 'determine the scope of the duty, and the limits of performance must be sufficiently defined to

13 provide a rational basis for the assessment of damages.'" *Hubel*, 2010 WL 5983456, at *3;

14 *Navarro*, 2011 WL 6012547, at *2 (quoting *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th

15 761, 770, 23 Cal. Rptr. 2d 810 (1993)). "If the promise is 'vague, general or of indeterminate

16 application,' it is not enforceable." *Id.* (quoting *Aguilar,* 966 F.2d at 446).

17       In her complaint, Belsher alleges that Pescio stated that she would "take care of"

18 Belsher. *See* ECF No. 11. This alleged promise has no scope, no limit to the length of time that

19 Pescio would take care of Belsher, and fails to identify how Pescio would take care of Belsher

20 or what amount of money was allegedly promised. Further, the alleged promise fails to contain

21 any terms by which the court could determine the scope of Pescio's alleged duty to Belsher,

22 any limits to Pescio's performance of the alleged promise, or any way for the court to

23 determine a rational basis for the assessment of any damages against Pescio. As such, the

24 alleged promise lacks the requisite definiteness for a legal contract. *See Branch Banking & Tr.*

25 *Co. v. Eloy Bus. Park, LLC*, 2014 WL 1304649, at *4 (D. Nev. March 31, 2014). Therefore, the

26 court shall grant defendants' motion and dismiss defendant Pescio as to these claims.

27 ///

28 ///

1    IT IS THEREFORE ORDERED that defendants' motion to dismiss (ECF No. 12) is

2  GRANTED in-part and DENIED in-part in accordance with this order. Defendants Avenue

3  Gifts, LLC and Janet Pescio are DISMISSED as defendants in this action.

4    IT IS FURTHER ORDERED that plaintiff's third cause of action for promissory

5  estoppel and fourth cause of action for breach of contract are DISMISSED in their entirety. The

6  only claims moving forward in plaintiff's amended complaint (ECF No. 11) are plaintiff's first

7  cause of action for violation of the Americans with Disabilities Act and second cause of action

8  for violation of the Age Discrimination in Employment Act against defendants Pacific Athletic

9  Club LLC and JPIB LLC.

10    IT IS SO ORDERED.

11    DATED this 18th day of July, 2018.

12

13  _____
     LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28